IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-154-8H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TEEYA REAVES SCHEER, | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions filed by Defendant Teeya Reaves Scheer on August 22, 2018:

1. Motion for Early Disclosure of Jencks Materials [DE #239];
2. Motion Regarding Admissibility of Co-Conspirator Declarations [DE #240];
3. Motion to Sequester Government Witnesses [DE #241];
4. Motion to Preserve Agents' Notes [DE #242]; and
5. Motion for Rule 12(d)(2) Designation [DE #243].

The Government has responded to Scheer's motions, and the time for further filings has expired.

## BACKGROUND

On November 29, 2017, a federal grand jury returned an indictment charging Scheer with money laundering offenses and conspiracy to engage in money laundering offenses, in violation of 18 U.S.C. §§ 1956 and 1957, as well as aiding and abetting the money laundering offenses, in violation of 18 U.S.C. § 2. Scheer was

arraigned and pled not guilty on September 10, 2018. A jury trial is scheduled for January 14, 2019. Before the court are a number of pretrial motions filed by Scheer.

## DISCUSSION

### I. Motion for Early Disclosure of Jencks Materials [DE #239]

Scheer requests an order compelling the Government to disclose all Jencks Act material at least fourteen (14) days prior to trial. The Government is obligated to disclose witness statements in its possession, but only *after* a witness has completed his testimony on direct examination. 18 U.S.C. § 3500. Moreover, the Government states that it has been making a rolling production of discovery, including Jencks Act materials, and that it intends to provide all discovery no later than fifteen (15) days prior to trial. Accordingly, the court DENIES Scheer's motion to compel disclosure of Jencks Act materials.

### II. Motion Regarding Admissibility of Co-Conspirator Declarations [DE #240]

Scheer also requests a pretrial hearing to determine the admissibility of any co-conspirator declarations or, in the alternative, an order directing the Government to submit a written offer of proof of any co-conspirator declarations it intends to use at trial. Fourth Circuit case law does not require any such pretrial determination. *See United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). "Instead, a trial judge retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate." *Id.*

While there may be circumstances where a pretrial hearing regarding the admissibility of co-conspirator statements is warranted, no such showing has been made here. Relying on case law from the Fifth and Seventh Circuits, Scheer makes a generalized argument that pretrial determination of the admissibility of such statements is necessary to facilitate the orderly conduct of trial and to avoid the risk of a mistrial in the event the appropriate evidentiary foundation is not established at trial. These concerns were expressly rejected by the Fourth Circuit in *Hines*. Because Scheer has not demonstrated a particularized need for pretrial determination as to the admissibility of co-conspirator statements, her motion is DENIED.

### III. Motion to Sequester Government Witnesses [DE #141]

Scheer seeks an order excluding all Government witnesses from the courtroom during trial. "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the Government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the

3

government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The Government does not oppose a sequestration order but requests that one agent be permitted to remain in the courtroom during trial. It also requests a reciprocal order applying to Scheer's witnesses. Accordingly, Scheer's motion to sequester witnesses is GRANTED, and the Government's request for a sequestration order applying to Scheer's witnesses is GRANTED. The court orders sequestration at trial of all testifying witnesses with the exception that the following shall be permitted to remain in the courtroom: (i) one case agent designated by the United States; (ii) Defendant Scheer; and (iii) such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified.

IV. Motion to Preserve Agents' Notes [DE #242]

Scheer seeks a court order requiring the Government to preserve any rough notes of its agents pertaining to the instant case. The Jencks Act does not generally require the production of rough notes of law enforcement agents where the notes are later incorporated into a formal statement or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes may be subject to production as a "statement" under the Jencks Act if a witness reads and adopts the notes. *United*

4

States v. Roseboro, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a).

The Government states that it is aware of and will comply with its obligations to disclose such notes under the Jencks Act. The Government agrees not to destroy the notes but does not agree to produce notes not otherwise discoverable.

A need to disclose the notes of government agents could arise in this case, either as Jencks material or as exculpatory evidence. See United States v. Gordon, No. 7:14-CR-41-1FL, 2014 WL 5489364, at *2–3 (E.D.N.C. Oct. 30, 2014); see also United States v. King, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (noting preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Scheer's motion to preserve the notes of government agents is GRANTED. The Government is ORDERED to retain the notes of its agents concerning this matter until after the exhaustion of all appeal rights.

VII. Motion for Rule 12(d)(2) Designation [DE #243]

Finally, Scheer moves, pursuant to Fed. R. Crim. P. 12(d)(2), for an order directing the Government to designate evidence it will use in its case-in-chief that may be subject to a suppression motion. As the Government points out, the Federal Rules of Criminal Procedure do not contain a Rule 12(d)(2).

It is assumed that Scheer intended to reference Rule 12(b)(4)(B), which provides that a defendant "may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in

its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B).

Rule 12(b)(4)(B) "was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3)." *United States v. Ishak*, 277 F.R.D. 156, 158 (E.D. Va. 2011) (quoting *United States v. de la Cruz–Paulino*, 61 F.3d 986, 994 (1st Cir.1995)). The rule requires the government to "respond to a defendant's request for notice whether the government intends to offer *specific* evidence that the request identifies." *Ishak*, 277 F.R.D. at 159 (emphasis added). As explained in *Ishak*:

> The task of identifying what evidence . . . might be the rightful object of a suppression motion belongs to that defendant. Of course, once the defendant has flagged potentially suppressible evidence among the Rule 16 disclosures, filing a motion to suppress this evidence would waste time and resources if the government does not intend to offer it. To avoid needless expense and trial disruption, Rule 12(b)(4)(B) allows a defendant to require that the government disclose whether the government intends to offer the "specified evidence" during its case-in-chief. Rule 12, Fed. R. Crim. P. Advisory Committee's note. The Rule thereby "streamlines the suppression process because the defendant can avoid moving to suppress evidence the Government does not intend to use." *United States v. Smith*, 277 Fed. Appx. 187, 191 (3d Cir.2008); *accord* Rule 12, Fed. R. Crim. P. Advisory Committee's note ("[R]ule 12 makes it possible for [a defendant] to avoid the necessity of moving to suppress evidence which the government does not intend to use.").

*Ishak*, 277 F.R.D. at 159–60 (footnotes omitted).

Scheer's motion does not specify any potentially suppressible evidence and therefore fails to trigger the Government's obligation to provide notice under Rule 12(b)(4)(B). Accordingly, Scheer's motion is DENIED.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. Defendant Scheer's Motion for Early Disclosure of Jencks Materials [DE #239] is DENIED;

2. Defendant Scheer's Motion Regarding Admissibility of Co-Conspirator Declarations [DE #240] is DENIED;

3. Defendant Scheer's Motion to Sequester Government Witnesses [DE #241] and the Government's request for reciprocal sequestration are GRANTED on the terms set forth above;

4. Defendant Scheer's Motion to Preserve Agents' Notes [DE #242] is GRANTED on the terms set forth above; and

5. Defendant Scheer's Motion for Rule 12(d)(2) Designation [DE #243] is DENIED.

This 11th day of October 2018.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge